# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LEONARD ENGLISH, JR.,<br>    Appellant, | DOCKET NUMBER<br>DE-1221-15-0090-W-1 |
| v. | |
| SMALL BUSINESS<br>    ADMINISTRATION,<br>    Agency. | DATE: April 8, 2015 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Leonard English, Jr.</u>, Aurora, Colorado, pro se.

<u>Sherrie Abramowitz</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the field office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

¶2 The appellant filed an individual right of action (IRA) appeal alleging that the agency issued him a letter of reprimand and negative performance evaluation in retaliation for his protected disclosures. Initial Appeal File (IAF), Tab 1. The appellant alleged that he disclosed: that a coworker had revealed to the appellant that the coworker had violent tendencies; and that he observed the same coworker's arrival and departure times, which showed that the coworker was not working a complete 8-hour shift each day. *Id*.

¶3 The administrative judge issued a jurisdictional order informing the appellant of his burden to establish jurisdiction over his IRA appeal. IAF, Tab 3. Based on the appellant's responses, the administrative judge found the appellant's repeating the conversation that he had with his coworker about the coworker's self-reported violent tendencies had not revealed a substantial and specific danger to public health and safety. IAF, Tab 18, Initial Decision (ID) at 4. The administrative judge also found that the appellant's observations of his coworker's arrival and departure times did not constitute an allegation of time and attendance fraud, i.e., a violation of law, because the disclosures were too vague and imprecise to meet the requirement to be specific and detailed for purposes of making a protected disclosure. ID at 4. He also found that the disclosures included no allegation of gross mismanagement, waste of funds, or that the coworker was taking any action pursuant to the authority of his position. ID at 4.

¶4 In his petition for review, the appellant disagrees with the administrative judge, arguing that, given the instances of workplace violence in the news, his disclosure that a coworker revealed that he has violent tendencies discloses danger. He also asserts that federal employees should work their full shifts, and that revealing that an employee is not doing so discloses a violation of law. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition to the petition. PFR File, Tab 2. The appellant has replied to the agency's response. PFR File, Tab 3.

¶5 Generally, to establish jurisdiction over an IRA appeal regarding activity protected under 5 U.S.C. § 2302(b)(8), an appellant must prove that he exhausted his administrative remedies before the Office of Special Counsel (OSC) and make nonfrivolous allegations that (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001); *Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶ 12 (2002).

¶6 Activity protected under § 2302(b)(8) occurs when an appellant makes a disclosure that he reasonably believes evidences any violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety. *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 5, n.3 (2013); *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 17 (2011); *see* 5 U.S.C. § 2302(b)(8). The proper test for determining if an employee had a reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to, and readily ascertainable by, the employee could reasonably conclude that the actions evidenced a violation of law, rule, or regulation, or one of the other conditions set forth in § 2302(b)(8). *Mason*, 116 M.S.P.R. 135, ¶ 17.

¶7 Here, the administrative judge properly found that the appellant established that he exhausted administrative procedures before OSC. ID at 3. At issue is whether a disinterested observer with knowledge of the essential facts alleged by the appellant could reasonably conclude that he reasonably believed that he disclosed a substantial and specific danger to public health and safety or any violation of law, rule, or regulation.

¶8 The inquiry into whether an appellant disclosed danger that is sufficiently substantial and specific to warrant finding that it is protected whistleblowing "is

guided by several factors, among these: (1) the likelihood of harm resulting from the danger; (2) when the alleged harm may occur; and (3) the nature of the harm, i.e., the potential consequences." *Chambers v. Department of the Interior*, 602 F.3d 1370, 1376 (Fed. Cir. 2010) (internal citations and quotation marks omitted). The likely occurrence of harm cannot be dependent on a series of unlikely events. *See Parikh v. Department of Veterans Affairs*, 116 M.S.P.R. 197, ¶ 15 (2011).

¶9    The appellant stated that his concerns about his coworker arose when the appellant, after he overheard the coworker shouting and using profanity, engaged the coworker in conversation and the coworker revealed that he had violent tendencies and an assault record. IAF, Tab 5 at 40-41. Even considering the truth of the appellant's assertion that his coworker shouted, used profanity, and talked about his violent tendencies and assault record, the likelihood of such behavior escalating to danger through workplace harm is dependent on a series of wholly unknown and unpredictable events. Thus, we find that the potential harm is tantamount to being dependent on a series of unlikely events. *See Parikh*, 116 M.S.P.R. 197, ¶ 15. We therefore find that the administrative judge properly found that the appellant failed to make a nonfrivolous allegation of a substantial and specific danger to public health and safety.

¶10    The appellant also stated that the coworker revealed that "he has an assault record and was cleared to come to our office by someone." IAF, Tab 5 at 40. The Board has held that disclosure that an assault in violation of criminal law occurred was a disclosure of a violation of law, rule, or regulation. *Lewis v. Department of Commerce*, 101 M.S.P.R. 6, ¶ 11 (2005). The administrative judge addressed only whether the appellant's report of the coworker's statement could constitute a nonfrivolous allegation of a substantial and specific danger to public health and safety. The label or characterization an employee gives to his disclosure does not determine whether it constitutes whistleblowing; rather, the content of the disclosure and the reasonableness of his belief that it evidences

wrongdoing are the determinative factors. *Williams v. National Labor Relations Board*, 59 M.S.P.R. 640, 645 (1993). Reviewing the content of the appellant's alleged disclosure, we find that he has not alleged that the assault that the coworker revealed was in violation of criminal law. Further, the appellant did not allege that he was personally aware of the assault, observed the result of the assault, or that he was the victim of the assault revealed by the coworker. Thus, we find that the appellant's disclosure of his coworker's alleged revelation of his assault record did not constitute a nonfrivolous allegation of a reasonable belief of a violation of law. *See Sobczak v. Environmental Protection Agency*, 64 M.S.P.R. 118, 122 (1994) (an appellant's disclosure does not satisfy the reasonable belief requirement if he is merely reporting unsupported speculation).

¶11      As to the appellant's disclosure of his coworker's alleged time and attendance violations, the administrative judge found some indication of a violation of law, rule, or regulation, but nonetheless found that the appellant's alleged disclosure was too vague to qualify as a protected disclosure. ID at 4. However, any doubt or ambiguity as to whether the appellant has made a nonfrivolous allegation should be resolved in favor of affording the appellant a hearing. *Huffman v. Office of Personnel Management*, 92 M.S.P.R. 429, ¶ 13 (2002). Also, the Board's case law is clear that time and attendance abuse is a violation of law, rule, or regulation. *DiGiorgio v. Department of the Navy*, 84 M.S.P.R. 6, ¶ 14 (1999); *Frederick v. Department of Veterans Affairs*, 63 M.S.P.R. 563, 570 (1994). Further, the appellant's disclosure of a violation of law is protected even if he was attempting to impose his personal views of right and wrong on the workplace. *Berkley v. Department of the Army*, 71 M.S.P.R. 341, 352 (1996).

¶12      Additionally, even if some of the appellant's disclosures of alleged time and attendance violations concerned trivial matters, there is no de minimis exception for the violation-of-law aspect of the protected disclosure standard. *Id*. Congress

emphasized that there is no de minimis exception for the violation-of0law aspect of the protected disclosure standard in the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-99, 126 Stat. 1465, which is applicable to this case. Title 5 U.S.C. § 2302(b)(8) of the Whistleblower Protection Act (WPA) provided that it is a prohibited personnel practice to take or fail to take, or threaten to take or fail to take, a personnel action against any employee or applicant for employment because of:

> (A) any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences:
>
> (i) **a** violation of any law, rule, or regulation . . . .

5 U.S.C. § 2302(b)(8) (2011) (emphasis added). The WPEA amended that WPA provision to provide that it is a prohibited personnel practice to take or fail to take, or threaten to take or fail to take, a personnel action against any employee or applicant for employment because of:

> (A) any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences:
>
> (i) **any** violation of any law, rule, or regulation . . . .

5 U.S.C. § 2302(b)(8) (2013) (emphasis added).

¶13    Contrary to the administrative judge's finding, we find that the appellant made specific allegations of time and attendance abuse. In an email to an agency manager, J.V., he stated that, when his coworker "came to work for [the agency], he came to work late, took extended lunches, and left early." IAF, Tab 5 at 40. Because the date that the coworker began with the agency is a matter of record, we find that the appellant was specific as to some of the dates of the coworker's alleged time and attendance violations. Further, although the appellant does not identify the time of the coworker's arrival, how long he took for lunch, and the time of his departure, the appellant's allegations, based on his personal observations, that his coworker was being paid for hours that he did not work, constitutes an assertion of time and attendance abuse. Although the appellant did not clearly identify a specific law, rule, or regulation, he provided sufficiently

detailed statements to implicate an identifiable violation of law, rule, or regulation. *See Chavez v. Department of Veterans Affairs*, 120 M.S.P .R. 285, ¶ 18 (2013). Under these circumstances, we find that the appellant had a reasonable belief that his disclosure evidenced a violation of law, rule, or regulation, and his disclosure of alleged time and attendance fraud therefore was protected.

¶14     Because the administrative judge found that the appellant failed to nonfrivolously allege that he made a protected disclosure, he did not reach the question of whether the appellant made a nonfrivolous allegation that his alleged disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). To satisfy the contributing factor criterion, an appellant need only raise a nonfrivolous allegation that the fact or content of the protected disclosure was one factor that tended to affect the personnel action in any way. *Mason*, 116 M.S.P.R. 135, ¶ 26. One way to establish this criterion is the knowledge-timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.*

¶15     As noted, the appellant alleges that in retaliation for his protected disclosure, the agency issued him a letter of reprimand and a reduced annual appraisal. A letter of reprimand and a "performance appraisal" are personnel actions within the meaning of the WPEA. *See Horton v. Department of Veterans Affairs*, 106 M.S.P.R. 234, ¶ 18 (2007); *Jones v. Department of the Interior*, 74 M.S.P.R. 666, 673-78 (1997).

¶16     The appellant alleged that he disclosed his coworker's time and attendance violations to agency officials J.V., P.G., and B.B. in April 2014. IAF, Tab 5 at 5. In August 2014, J.V. issued the appellant a letter of reprimand. *Id*. at 7. In

October 2014, P.G. signed as the reviewing official on the appellant's 2014 appraisal.[2]  IAF, Tab 1.  Therefore, we find that the appellant nonfrivolously alleged that the officials who issued the letter of warning and who reviewed his 2014 appraisal, respectively, were aware of his disclosures.  Further, we find that the disclosures occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor.  *See Carey v. Department of Veterans Affairs*, 93 M.S.P.R. 676, ¶ 13 (2003).  Thus, the appellant has met his burden to raise a nonfrivolous allegation that the fact or content of the protected disclosure was one factor that tended to affect the issuance of the letter of warning and his 2014 performance appraisal.[3]  *See Mason*, 116 M.S.P.R. 135, ¶ 26.

¶17       Consequently, we find that the appellant established jurisdiction over his IRA appeal with regard to his nonfrivolous allegation that his coworker engaged in time and attendance fraud.  An appellant who meets his jurisdictional burden is entitled to a hearing on the merits in an IRA appeal.  *See Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 9 (2014); *Mason*, 116 M.S.P.R. 135, ¶ 7.

---

[2] For unexplained reasons, P.G., the reviewing official, signed the appellant's appraisal on October 23, 2013, the day before the rating official signed it.

[3] The appellant's overall rating on the 2014 appraisal was Meets Expectations.  IAF, Tab 1.  This was a reduced appraisal, as the appellant's overall rating on the 2013 appraisal was Outstanding.  IAF, Tab 5 at 57.  However, the statutory provision that a performance appraisal is a personnel action contains no qualifying language that would require the contested performance appraisal to be either less than satisfactory or tangibly lower than the appraisal from the prior year in order to qualify as a  personnel action allegedly taken in reprisal for a protected disclosure.  *See Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 16 (2013).

**ORDER**

For the reasons discussed above, we REMAND this case to the field office for further adjudication, including a hearing, in accordance with this Remand Order.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.